# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CODY HARRY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-00382-SPM |
| ALLIOS/NEXIUS, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Cody Harry's application for leave to proceed in the district court without prepayment of fees and costs. Based on the financial information provided in the application, the application will be granted. Plaintiff's filing fee will be waived. Additionally, on initial review under 28 U.S.C. § 1915(e)(2)(B), the Court will dismiss plaintiff's action for failure to state a claim upon which relief may be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this employment discrimination action under Title VII, alleging racial discrimination and retaliation against defendant Allios/Nexius Company, located in Fenton, Missouri. He states that from June, 2022, until December 30, 2022, he was discriminated against as an African American man and because he reported the company to OSHA, the EEOC, the NAACP, and Fenton law enforcement. Specifically, he states he was discriminated against for "complaining about being illeagal [sic] workers/managers fraudulently impersonating my real managers." The majority of his claim involves allegations that his fellow employees impersonated other individuals and wiretapped his telephone.

Based on the complaint, plaintiff was initially interviewed for his job on March 25, 2022. He did not receive a call-back interview. He states that on April 4, 2022, he discovered that his phones had been wiretapped and he believed defendant Allios/Nexius Company had access to all data on his phone. He states that this explains the tracking and stalking of him before he began his employment with defendant.

Plaintiff alleges he went to a hiring event on June 1, 2022, and was hired on the spot. At that time, he was told there was an opportunity for growth at the company and that he would receive great benefits. He states that at this hiring event he met "the person that was impersonating Guadalupe Dealmonte, Warehouse Manager." He states that he did not know of the "made up positions" within the employer at this time.

During June, 2022, plaintiff alleges he met several workers from other locations, including Chicago and Atlanta. He states that there was a man named Tyler who was "pretending to be a manager for a week and then disappear[ed]." Another man "pretending to be Caleb Beasley showed up and when I went to the office that it was a skinn[ier] guy and he was going by Tyler D. [I] found out that was my real manger Caleb but didn't know at the time."

He alleges that in June and July, 2022, he noticed his possessions had been moved around in his car while it was parked in his employer's lot. He states that he mentioned this on his social media accounts. He alleges individuals at his employer must have had access to his phone because he did not tell any fellow employees about his social media accounts, "but after that, [the man who plaintiff believed moved things in plaintiff's car] disappeared and nobody said anything."

Plaintiff allege two other employees disappeared during June to July, 2022, and plaintiff noticed that he was the "only REAL black male employee." Plaintiff states that he also began to notice other suspicious events, including a that a coworker began referencing things that plaintiff had previously accessed through his home internet connection. Additionally, a coworker often left his shift early, but through a door on the opposite side of the warehouse from where the coworker had parked. Plaintiff believes law enforcement had hacked his phone. He states that was being disconnected from calls and "everytime that happen[ed] [a coworker] [got] up started to walk around and left work early and drove off kinda fast."

Plaintiff states another coworker was impersonating Guadalupe Dealmonte, but this coworker "wasn't doing nothing in the warehouse other than looking at the same demon stuff for weeks and be in the offices with the fake Caleb in 'Calls' all day." Another coworker disappeared after plaintiff mentioned on Twitter that all four tires on plaintiff's vehicle were loose.

Other allegations include that the side mirror on plaintiff's car was "mess[ed] with." Plaintiff complained to human resources about fake and illegal workers coming into work on busy days. He believed somebody was using a "cell tower simulator like a stingray" because other employees knew about his meeting with human resources. On his day off, plaintiff states that items went missing from his work desk, including a box cutter that he later found on the other side of the warehouse.

Plaintiff states that he lost his job on December 30, 2022. His employer told him that he was let go because of budget cuts, but plaintiff believes that it was because they discovered he had filed an EEOC complaint, a complaint with the City of Fenton, and because he believed "illegal stuff going on and I feel like the Law Enforcement/Feds played a big role in all of this." Plaintiff complains that defendant hired fake employees to act as if the company was going to shut down in an effort to make plaintiff quit because he was aware of allegedly illegal activities. He also complains that fraudulent impersonation of employees is still occurring at his current job.

For damages, plaintiff seeks damages for lost wages, emotional distress, and "front pay." He also seeks punitive damages.

**Discussion**

The Court finds that plaintiff's allegations are factually frivolous, and will dismiss the complaint for this reason under 28 U.S.C. § 1915(e)(2)(B).  "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted).  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As

the Supreme Court has stated, district courts are "all too familiar" with these types of claims, and are in the best position to determine which claims are factually frivolous. *Id.*

Reading the complaint as a whole, plaintiff believes either his employer or his coworkers wiretapped his telephone and monitored his online activities including his social media accounts. He also alleges that several of his coworkers used fraudulent identities to discriminate against plaintiff and lead him to believe the warehouse was closing. All of this was done in a supposed effort to force plaintiff to quit his job. Additionally, plaintiff believes his possessions were tampered with and he was under surveillance during his employment. The Court finds these claims baseless and subject to dismissal.

For the foregoing reasons, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED** and plaintiff's filing fee is waived. [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 29th day of March, 2023.

                                                                        _____
                                                                        STEPHEN N. LIMBAUGH, JR.
                                                                        SENIOR UNITED STATES DISTRICT JUDGE